# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRAIG MYERS, | ) No. LA CV 18-00062-VBF-FFM |
| Petitioner, | ) **ORDER Dismissing Unauthorized Second-or-Successive Habeas Petition Without Prejudice for Lack of Subject-Matter Jurisdiction;** |
| v. | ) |
| R. NEUICHMEN, | ) **Referring the Habeas Petition to the U.S. Court of Appeals Pursuant to Ninth Circuit Rule 22-3(A);** |
| Respondent. | ) **DENYING A CERTIFICATE OF APPEALABILITY** |

On or about January 3, 2018, petitioner Michael Craig Myers ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. *See* Case Management / Electronic Case Filing System Document ("Doc") 1. The Petition challenges petitioner's 1996 County Superior Court conviction for being a previously convicted felon in possession of a firearm in violation of California Penal Code section 12021(A), for which he was sentenced to 25 years to life in California state prison, *see* Doc 1 at 2.

The Court takes judicial notice of two prior federal habeas petitions filed by

petitioner in the U.S. District Court for the Central District of California.[1] **Petitioner filed the first petition on August 10, 2001, in case no. LA CV 01-06964-NM-RZ.** The First Petition attacked the same conviction and sentence as the present Petition. (*See* 01-06964 Docket No. 17 at 2.) On April 25, 2002, the First Petition was denied for lack of merit. (01-06964 Docket No. 20.) On May 22, 2002, District Judge Nora Manella issued an Order denying a certificate of appealability ("COA") (Doc 24). On December 17, 2002, the Ninth Circuit likewise denied a COA (Docs 30 and 31).

**Petitioner filed the second petition on December 18, 2016, in case no. LA CV 16-07758-VBF-FFM**, again attacking the same 1996 Superior Court conviction for being a previously convicted felon in possession of a firearm. (16-07758 Doc. 1.) On March 28, 2017, the undersigned District Judge dismissed the Second Petition without prejudice for lack of subject-matter jurisdiction, on the ground that it was successive to the First Petition and petitioner had not obtained the Ninth Circuit's permission to file a second-or-successive habeas petition. *See Myers v. Warden*, 2017 WL 1173908, No. LA CV 16-07758-VBF-FFM Doc. 14 (C.D. Cal. Mar. 28, 2017).

The pending Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No. 104-132, 110 Stat. 1214) ("AEDPA") which became effective April 24, 1996. Section 106 of the AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

---

[1] The Court takes judicial notice of the prior decisions rendered by this Court, available on the PACER database. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The First Petition was denied on the merits. Therefore, because the Petition now pending challenges the same conviction as petitioner's First Petition, it constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent that petitioner seeks to pursue the same claims that he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject-matter jurisdiction.

**"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT**

After the July 1, 2016 amendment, Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district

3

court, the district court shall refer it to the court of appeals. *If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court **may**, in the interests of justice, refer it to the court of appeals.*" Italics added.

Because Myers has submitted to this court a second or successive section 2254 petition, Ninth Circuit Rule 22-3(a) gives this Court discretion to refer the petition to the Court of Appeals. The Court elects to exercise that discretion in favor of referral. However, the Ninth Circuit has not yet clarified whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the district-court habeas action without prejudice.

This Court continues its practice of simultaneous referral and dismissal, a practice shared by many district and magistrate judges in our district. *See*, *e.g., Robert John Garcia v. L.A. County Superior Court*, No. LA CV 17-07952-VBF-PLA, 2017 WL 6886078 (C.D. Cal. Nov. 9, 2017); *White v. Paramo*, 2017 WL 1011670 (C.D. Cal. Mar. 14, 2017) (David O. Carter, J.); *Valson v. Spearman*¸ 2017 WL 438725 (C.D. Cal. Jan. 31, 2017) (James V. Selna, J.); *Washington v. Davey*, 2017 WL 242600 (C.D. Cal. Jan. 18, 2017) (Philip S. Gutierrez, J.); *Smith v. Hatton*, 2017 WL 663154 (C.D. Cal. Feb. 17, 2017) (Jacqueline Chooljian, M.J.); *Flemings v. Hatton*, 2017 WL 114076 (C.D. Cal. Jan. 10, 2017) (Consuelo B. Marshall, J.); *Philips v. Johnson*, 2016 WL 922553 (C.D. Cal. Mar. 8, 2017) (Virginia Phillips, C.J.); *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (Valerie Baker Fairbank, J.).

## **DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues

that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require argument from the parties on whether a COA should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme Court held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484.

As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485. Here, the Court finds that jurists of reason would *not* "find it debatable whether the district court was correct in its procedural ruling" that the Court has no subject-matter jurisdiction over the petition and that this action must be dismissed without prejudice as a result. Nor could jurists of reason disagree that the Ninth Circuit's Rules expressly authorize a district court to "refer" an unauthorized second-or-successive habeas petition to the Court of Appeals.

5

**ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the Petition to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas corpus petition.

**The Clerk of Court shall send** a copy of the habeas corpus petition and a copy of this Order to the Clerk of the Court of Appeals for the Ninth Circuit.

**The Clerk of Court shall provide petitioner with a form** recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**This action is dismissed without prejudice for lack of subject-matter jurisdiction** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in U.S. District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

**A certificate of appealability is denied.**

The case is TERMINATED and closed (JS-6).

Dated: January 17, 2018

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
Senior United States District Judge